**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 19-mj-02081-DPR** |
| **KENNETH C. FREDENBURG**, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the following offenses: (1) possession, with the intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f)(1)(C), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of

conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible.  In this case, the defendant is charged with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of not less than 5 years and not more than 40 years' imprisonment is possible.

Section 3142(e) and (f)(1) provide a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above, or if the offense is one under Title 18, United States Code, Section 924(c).  Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring.  *See United States v. Apker*, 964 F.2d 724, 744 (8th Cir. 1992); *see also United States v. Soto Rivera*, 581 F.Supp. 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

As set forth above, the defendant has been charged with a Controlled Substance offense carrying a statutory sentencing range of not less than 5 years and not more than 40 years' imprisonment.  In addition, the defendant has been charged with an offense arising under Title 18, United States Code, Section 924(c).  Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offenses referred to in the Complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or the safety of the community. *See Apker*, 964 F.2d at 743-44; *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

To further support the Government's contention that the defendant is a flight risk and a danger to the safety of the community, the Government offers that:

1. On or about September 25, 2019, the defendant fled from the police at a speed in excess of 120 miles per hour. The defendant ultimately crashed the vehicle into a tree and fled on foot. During a later search of the vehicle, officers recovered in excess of 50 grams of methamphetamine, approximately $4,539 in U.S. currency, and two firearms.

2. On or about October 22, 2019, task force officers with the United States Marshals Service located the defendant at a residence in Springfield, Missouri. The defendant barricaded himself inside the residence for approximately three hours before ultimately exiting the residence. A search of the residence yielded three additional firearms and a tactical vest bearing the defendant's name.

3. During a post-*Miranda* interview, the defendant admitted he had been driving the vehicle involved in the September 25, 2019, incident. The defendant further admitted that the methamphetamine and firearms located inside the vehicle belonged to him, and that he carried firearms for protection because he was in the drug business.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ Jessica R. Keller*
Jessica R. Keller
Missouri Bar No. 69322
Special Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 29, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Jessica R. Keller*
Jessica R. Keller
Special Assistant United States Attorney